**Xing Xing DONG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 02–4973.**

United States Court of Appeals, Second Circuit.

June 13, 2005.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Jenny L. Smith, Assistant U.S. Attorney (Alice H. Martin, U.S. Attorney, Northern District of Alabama, on the brief), Birmingham, AL, for Respondent.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED** and the petition for review is **DENIED.**

Petitioner Xing Xing Dong seeks review of a November 21, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the September 25, 1998, decision of an immigration judge ("IJ") denying Dong's application for asylum and withholding of removal. Dong argues that the IJ erred in finding that Dong had not presented a credible case for asylum and in refusing to admit certain documents into evidence. He also contends that the BIA erred by affirming the IJ's decision without opinion. Familiarity with the facts and procedural history is assumed. We deny Dong's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. See Zhang v. INS, 386 F.3d 66, 73 (2d Cir. 2004). Under this standard, such findings are " 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.' " See id. at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B), and noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's credibility determinations. Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003).

In rejecting Dong's claim, the IJ pointed to significant inconsistencies between Dong's original asylum application, filed in 1993, and testimony at his hearing in 1998. On his 1993 application Dong did not mention that his wife had actually been sterilized (as claimed at his hearing), but asserted instead that his family had been fined and otherwise pressured because she refused to be sterilized. On that application Dong also claimed that he had paid a fine after government officials seized appliances from his house; at his hearing, however, Dong testified that he never paid a fine. The certificate of sterilization offered by Dong was dated 1992, almost seven years after the sterilization allegedly took place. Moreover, while Dong testified that his wife mailed him this document in 1993, he did not submit it as part of his application in 1993 or at his asylum inter-

view four years later. Based on this evidence, along with other substantial evidence discussed in the IJ's decision, the IJ was entitled to reject Dong's asylum and withholding of removal claims. Dong's assertion that the IJ erroneously refused to admit the certificate of sterilization and fine receipt into evidence is meritless; in fact, the IJ relied on inconsistencies in those very documents in finding that Dong was not credible.

We have carefully considered Dong's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.